

Villanova University School of Law

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2009

# USA v. Vasile Ciocan

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2372

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Vasile Ciocan" (2009). *2009 Decisions*. Paper 1205.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1205

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 08-2372/08-2373

_____

UNITED STATES OF AMERICA

v.

VASILE CIOCAN,
                                   *Appellant.*


_____

Appeal from the United States
District Court for the Western District of Pennsylvania
(Nos. 07-cr-00182/07-cr-00398)
District Court Judge: Honorable Nora B. Fischer


_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 19, 2009

_____

Before: RENDELL and GARTH, *Circuit Judges*, and
PADOVA, *Senior District Judge*[*]
(Opinion Filed: June 10, 2009)

_____

**OPINION**

_____

---

[*] The Honorable John R. Padova, Senior United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

GARTH, *Circuit Judge*:

Defense counsel in this case submitted a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967) and a motion pursuant to Local Appellate Rule 109.2(a) to withdraw as counsel because there are no non-frivolous issues on appeal. The appellant Vasile Ciocan also filed a <u>pro</u> <u>se</u> brief. We will grant the motion and affirm the District Court's judgment and sentence.[1]

## I.

Ciocan, a Canadian citizen, traveled to the United States and, along with several others, placed "skimmers" on ATM machines in order to capture customer bank account information and create counterfeit ATM cards. Using this information, Ciocan and his cohorts stole tens of thousands of dollars from customer accounts in various states. The men were caught in April 2007 in Pennsylvania.

Ciocan was indicted in the Western District of Pennsylvania ("Cr. No. 07-182") for conspiracy (18 U.S.C. § 371) to commit bank fraud (18 U.S.C. § 1344) and using counterfeit access devices (18 U.S.C. § 1029(a)(1)) ("Count 1"); bank fraud (18 U.S.C. §§ 1344(1) & 2) ("Count 2"); and aggravated identity theft (18 U.S.C. §§ 1028A(a)(1) & 2) ("Count 3"). Ciocan was also indicted in the Northern District of Ohio ("Cr. No. 07-398") for access device fraud (18 U.S.C. § 1029(a)(3)). That case was transferred to the

---

[1] We have jurisdiction under 28 U.S.C. §§ 1291 and 3742(a)(1). The District Court had jurisdiction under 18 U.S.C. § 3231.

Western District of Pennsylvania.

Ciocan pleaded guilty to Counts 2 and 3 of Cr. No. 07-182 and to the one count of Cr. No. 07-398. The Government agreed to drop Count 1 of Cr. No. 07-182 and recommend a three-level sentencing reduction for acceptance of responsibility.

In his plea agreement, Ciocan waived his right to appeal his conviction or sentence unless (1) the United States appeals; (2) the sentence exceeds the applicable statutory limits; or (3) the sentence unreasonably exceeds the Guidelines range; and he waived his right to file a motion under 28 U.S.C. § 2255 or to pursue any other collateral attack.

On April 15, 2008, the District Court held a sentencing hearing. Ciocan's base offense level was 7; 6 points were added for loss amount, and 2 for using "sophisticated means." Two points were subtracted for acceptance of responsibility for a total offense level of 13. Ciocan's Criminal History Category was I, and his Guidelines range was 12-18 months.

All of Ciocan's prior convictions had occurred in Canada. Thus, the Government moved for an upward departure under U.S.S.G. § 4A1.3(a)(2)(A), which states that foreign convictions may be considered in sentencing if the defendant's criminal history is substantially underrepresented. The court granted the motion and increased Ciocan's Criminal History Category to V, which changed the Guidelines range to 30-37 months.

The court sentenced Ciocan to 37 months' imprisonment on Count 2, and added 24 months' imprisonment on Count 3 of Cr. No. 07-182 – terms to be served consecutively.

The court then sentenced Ciocan to a concurrent term of 37 months' imprisonment on the one count of Cr. No. 07-398.[2] Ciocan timely appealed.

## II.

This Court's review of an Anders motion is plenary. See Penson v. Ohio, 488 U.S. 75, 80 (1988). If counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Anders, 386 U.S. at 744. We must consider "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

Under the first prong, counsel must (1) "satisfy the court that [he] has thoroughly examined the record in search of appealable issues" and (2) "explain why the issues are frivolous. Counsel need not raise and reject every possible claim. However, at a minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders*." Id. (citations omitted); United States v. Marvin, 211 F.3d 778, 780-81 (3d Cir. 2000). As to the second prong, "a complete scouring of the record by the courts" is not necessary when "the *Anders* brief initially appears adequate on its face." Youla, 241 F.3d

---

[2] Ciocan also received concurrent terms of supervised release and was ordered to pay restitution.

at 301. In that case, "the proper course 'is for the appellate court to be guided in reviewing the record by the *Anders* brief itself.'" Id. (citation omitted).

### III.

Counsel's brief, while succinct, satisfies Anders, Youla, and Marvin. The Anders brief indicates that Ciocan could raise objections to the "sophisticated means" enhancement and the District Court's consideration of foreign convictions in increasing Ciocan's Criminal History Category. However, counsel noted that because Ciocan entered into a plea agreement containing a valid waiver of appellate rights, that these issues were waived. We agree. Ciocan waived

> the right to take a direct appeal from his conviction or sentence . . . subject to the following exceptions: (a) If the United States appeals from the sentence, Vasile Ciocan may take a direct appeal from the sentence. (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Vasile Ciocan may take a direct appeal from the sentence.

App. 45.

Waivers of appellate rights in guilty-plea agreements "are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001). A review of the record shows that Ciocan's waiver of his appellate rights was knowing and voluntary. Cf.

United States v. Goodson, 544 F.3d 529, 540 (3d Cir. 2008).[3]

None of the exceptions to Ciocan's waiver enumerated in the plea agreement apply to permit appeal. The Government did not appeal; the sentence did not exceed statutory limits,[4] nor did it exceed the Guidelines range.[5] There is nothing in the record to suggest a "miscarriage of justice." See United States v. Mabry, 536 F.3d 231, 242-44 (3d Cir. 2008). Accordingly, the waiver of appellate rights was valid and binding on Ciocan.

IV.

Ciocan's pro se brief, along with raising the "sophisticated means" and foreign convictions arguments deemed waived above, raised two other issues: (1) that the plea agreement itself was not knowing and voluntary, and (2) that the District Court violated Article 36(1)(b) of the Vienna Convention on Consular Relations and Optional Protocol on Disputes, because there was no communication with the Canadian embassy concerning

---

[3] The record reveals that Ciocan received a high school education; he successfully perpetrated fraud offenses in the United States and Canada; the prosecutor generally discussed the terms of the appellate waiver in open court; the District Court asked Ciocan if he understood he was waiving some of his appellate rights; Ciocan told the District Court he understood his appellate rights would be limited; and Ciocan executed the acknowledgment page of the plea agreement indicating he had read the plea and discussed it with counsel. Cf. Goodson, 544 F.3d at 540-41.

[4] The statutory maximum is 30 years on Count 2 of Cr. No. 07-182; 2 years on Count 3 of Cr. No. 07-182; and 10 years on the sole Count of Cr. No. 07-398.

[5] The Guidelines range was 30-37 months. Ciocan received consecutive sentences of 37 months on Count 2 of Cr. No. 07-182 and the sole Count of Cr. No. 07-398 – the top of the range. His term of imprisonment totaled 61 months because his conviction under Count 3 of Cr. No. 07-182 carried a mandatory consecutive sentence, and he received 24 months on that Count.

Ciocan's arrest.

Ciocan argues in his pro se brief that his guilty plea was not knowing and voluntary because the District Court failed to apprise him of his rights to be represented by counsel at all stages of proceedings and to compel the attendance of witnesses, in violation of Federal Rule of Criminal Procedure 11. Ciocan did not raise this issue below, so we review for plain error. United States v. Vonn, 535 U.S. 55 (2002); United States v. Olano, 507 U.S. 725 (1993).

We reviewed the court's extensive plea colloquy, as we have earlier stated, and accordingly hold that Ciocan's argument is without merit. The court adequately informed Ciocan of his rights, and Ciocan indicated that he understood them. App. 151-54.

We have no occasion to address Ciocan's claims under the Vienna Convention inasmuch as they have been waived. See United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007).

V.

For the foregoing reasons, we will affirm the District Court's judgment and sentence of April 15, 2008, and, in a separate order, grant counsel's motion to withdraw. We accordingly decline to appoint new counsel for Ciocan.

Furthermore, we hold that "the issues presented in the appeal lack legal merit for purposes of counsel filing a petition for writ of certiorari in the Supreme Court." L.A.R. 109.2(b).